**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 99-7360**

---

RICARDO EVANS,

                                Plaintiff - Appellant,

          versus


INDIAN CREEK CORRECTIONAL CENTER, an Insti-
tution; A. HINES, Correctional Officer; B.
FLOYD, Investigating Correctional Officer,

                                Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern Dis-
trict of Virginia, at Alexandria.  Leonie M. Brinkema, District
Judge.  (CA-98-812-AM)

---

Submitted:  February 10, 2000        Decided:  February 15, 2000

---

Before WIDENER and NIEMEYER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Ricardo Evans, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Richardo Evans seeks to appeal the district court's order dismissing his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint without prejudice for Evans' failure to pay the partial filing fee in accordance with the court's order. We dismiss the appeal for lack of jurisdiction because Evans' notice of appeal was not timely filed.

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, see Fed. R. App. P. 4(b)(1), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on October 14, 1998.[*] Evans' notice of appeal was filed on October 5, 1999. Because Evans failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal and deny Evans' motion for appointment of counsel as moot. We dispense with oral argument because the facts and legal

---

[*] Although the order from which Evans appeals was filed on October 13, 1998, it was entered on the district court's docket sheet on October 14, 1998. October 14, 1998, is therefore the effective date of the district court's decision. See Fed. R. Civ. P. 58 and 79(a); see also Wilson v. Murray, 806 F.2d 1232, 1234–35 (4th Cir. 1986).

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED